UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COMMUNITY BANK & TRUST WEST GEORGIA, ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | No. 2:25-cv-00454-JAW |
| BLUE SKY PROPERTIES, LLC et al. ) ) ) | |
| Defendant ) | |

**ORDER ON MOTION TO EXTEND DEADLINE**

Community Bank & Trust West Georgia filed this action against Blue Sky Properties, LLC, and Andrew Warde on September 8, 2025. Complaint (ECF No. 1). Blue Sky was served on September 17, 2025, and Warde on October 2, 2025. ECF Nos. 6, 8. The deadlines for filing answers were October 8 and October 23, 2025, respectively. *See* Fed. R. of Civ. P. 12(a)(1)(A)(i). Neither Blue Sky nor Warde has filed an answer.

On October 31, 2025, Community Bank moved for entry of a default judgment against Blue Sky and Warde. ECF No. 9. On November 20, 2025, Warde responded and requested an extension of the deadline to file an answer. ECF Nos. 11-12. In his filing, Warde indicated that he was communicating with an attorney and actively seeking representation. *Id.* In its reply, Community Bank argued that pro se status does not excuse compliance with the Federal Rules of Civil Procedure, that Warde

1

has not shown excusable neglect to justify an extension, and that Plaintiff's counsel had already agreed to extend the deadline to October 29, 2025. ECF No. 13 at 1-4.

## I. Discussion

Federal Rule of Civil Procedure 6(b) governs the extension of filing deadlines, providing that a court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable inquiry, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), that primarily turns on the following factors: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith," *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

Before proceeding, I must distinguish the Defendants. Individuals may appear "*pro se* or through legal counsel" in federal court. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); 28 U.S.C. § 1654. In contrast, Limited Liability Companies generally must be represented by counsel unless a narrow exception applies. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). Accordingly, this analysis addresses Warde and Blue Sky separately.

Regarding Warde, there is no indication that he has acted in bad faith. I recognize the potential prejudice that a delay may pose to the Plaintiff. *See* ECF No. 13 at 4. Delay alone, however, does not constitute prejudice, *see Indigo America*

2

*v. Big Impressions*, LLC, 597 F.3d 1, 4 (1st Cir. 2010), and the time elapsed here, by itself, does not preclude an extension particularly since the pleadings indicate that the Defendants have worked with the Plaintiff to satisfy part of the debt before court proceedings commenced. Complaint ¶¶ 33-34.

The relevant prejudice consideration "does not refer to a situation in which the party who would obtain a legal advantage from default is deprived of that advantage." *Robinson v. Wright*, 460 F. Supp. 2d 178, 180 (D. Me. 2006). "Instead, cognizable prejudice is, for example[,] lost evidence." *Id.* (citations and internal punctuation omitted). Community Bank claims prejudice due to the delay affecting its right to a "just, speedy, and inexpensive determination," and that the passage of time reduces the likelihood of recovery on its deficiency and guaranty claims. ECF No. 13 at 5. But Community Bank has not shown how the Defendants' financial circumstances are deteriorating while it waits for an answer, and its argument for a speedy determination is primarily based on obtaining a default judgment, i.e., a legal advantage from default.

After weighing the relevant factors, the balance supports granting Warde an extension to file an answer. Warde's main reason for the delay is his inability to secure representation despite his efforts. ECF No. 11. Courts have recognized that such difficulty may constitute excusable neglect. *See, e.g., Transpay, Inc. v. TMNPS, Inc.*, No. CV 05-00590 SPK-LEK, 2006 WL 8436541, at *4 (D. Haw. Apr. 17, 2006); *Charman v. Core Digital Mktg. LLC*, No. 23-CV-995 JLS, 2023 WL 9110942, at *1

(S.D. Cal. Dec. 14, 2023). I conclude that Warde has shown good cause and excusable neglect, warranting an additional thirty days to file an answer.

Turning to Blue Sky, a corporate defendant is generally required to appear in court through an attorney. *Rowland*, 506 U.S. at 202-03. There is one limited exception recognized in the District of Maine in a diversity action involving small, closely held corporations. *See United States v. Mack*, No. 2:13-cv-00343-DBH, 2014 WL 12539687, at *1 (D. Me. Jan. 23, 2014); *also* 4 M.R.S.A. § 807(3)(J) (prohibiting the unauthorized practice of law except in specifically listed instances, including: "For the purposes of defending a civil action filed against a corporation, an officer of the corporation if the corporation is organized in this State and has 5 or fewer shareholders"). Therefore, before addressing whether Blue Sky's deadline to file an answer should be extended, Warde must file with this Court no later than fourteen days of the date of this Order a sworn declaration or affidavit that states (1) whether he is an officer of Blue Sky, (2) whether Blue Sky is organized in the state of Maine, and (3) whether Blue Sky has five or fewer shareholders.

## II. Conclusion

Accordingly, I **GRANT** Warde's Request to extend the deadline to file an answer. Warde **SHALL SERVE** his answer or other responsive pleading within thirty (30) days of the date of this Order. I further **ORDER** that Warde file a declaration or affidavit with the foregoing information within fourteen (14) days from the entry of this order.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: December 30, 2025

                                              /s/ Karen Frink Wolf
                                              United States Magistrate Judge